O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order DENYING Defendant's Motion for Relief from Entry of Default and Default Judgment

Now before the Court is Defendant Sabco Electrique's ("Defendant") Motion for Relief from Entry of Default and Default Judgment. Having considered the arguments raised in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* FED. R. CIV. P. 78; Local Rule 7-15. For the following reasons, Defendant's Motion is DENIED.

I.   **BACKGROUND**

Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al. (collectively, "Plaintiffs"), filed a Complaint on December 4, 2007 against Defendant claiming breach of written collective bargaining agreements and related trust agreements, and violation of section 515 of the Employee Retirement Income Security Act. Defendant was an electrical subcontractor on various projects for Plaintiff under a Project Stabilization Agreement, which was required by Los Angeles Unified School District. Plaintiffs allege that Defendant did not pay fringe benefit contributions. Defendant disputes the amounts claimed as owed by Plaintiffs.

Melania Banescu, Defendant Corporation's designated agent for service of process, was served with Plaintiff's Complaint by substituted service on December 11, 2007. The process server left copies of the Summons and Complaint with Ms. Banescu's receptionist, Nancy Zaragoza. The Proof of Service was filed with the Court on December 12, 2007. Copies of the Summons and Complaint were also mailed to Defendant by first class mail on December 12,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

2007. (Manninger Decl. ¶5).

    Because Defendant failed to respond to Plaintiffs' Complaint, Plaintiffs filed a Request to Enter Default on January 15, 2008, and default was entered by the court clerk. Defendant's employee, Karina Flores, received Plaintiff's Notice of Entry of Default one day after it was entered. Still, Defendant failed to respond to this notice. Ms. Flores admits she found this document when she went through her files after new counsel requested a thorough review.

    Plaintiffs filed an Application for Entry of Default Judgment on May 27, 2008. Defendant again failed to respond, but contends that its counsel attempted to file a motion for relief from the entry of default and oppose the motion for judgment. These motions were received by the Court on June 9, 2008, and rejected on June 10, 2008 because Defendant's counsel failed to comply with the Court's electronic filing procedures. Defendant made no attempt to properly refile the documents. Accordingly, default judgment was entered on June 26, 2008. Plaintiffs were awarded $90,359.97 (consisting of unpaid fringe benefit contributions, pre-judgment interest, liquidated damages for delinquent contributions, and unpaid liquidated damages for late reports and audit fees), together with attorney's fees of $62,880.00 and costs of $2,423.33, plus post-judgment interest. This case was closed on June 26, 2008.

    On August 7, 2008, eight months after the original service of the Summons and Complaint, nearly seven months after being served with Plaintiffs' Request to Enter Default, and more than one month after judgment was entered against it, Defendant filed the instant Motion for Relief from Entry of Default and Judgment. Defendant claims excusable neglect as the grounds for relief under Federal Rule of Civil Procedure 60(b)(1).

## II.   LEGAL STANDARD

    Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default and default judgment in accordance with Rule 60(b). FED. R. CIV. P. 55(c). Rule 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for...mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A motion to vacate a default judgment for excusable neglect pursuant to Rule 60(b)(1) must be made within a reasonable time, not to exceed one year. FED. R. CIV. P. 60(b). In the Ninth Circuit, there are "three factors derived from the 'good cause' standard that governs the lifting of entries of default under Fed. R. Civ. P. 55(c)." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). These standards also govern the vacating of a default judgment under

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

Rule 60(b). *Id.* Thus, "[b]ecause 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately." *Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

The three factors that govern the outcome of this motion are: (1) whether the defendant's culpable conduct led to the default, (2) whether the plaintiff would be prejudiced if the judgment is set aside, or (3) whether the defendant has no meritorious defense. *See id.* at 926. These factors are disjunctive, and the district court is "free to deny the motion 'if any of the three factors [is] true.'" *Id.* (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). These factors "quite effectively capture in the default judgment context the very equitable factors involved in the balance between the competing interests in assuring substantial justice and in protecting the finality of judgments that underlies Rule 60(b)(1)." *TCI Group*, 244 F.3d at 696. "As is true with respect to any Rule 60(b) motion and with respect to a defaulting party invoking Rule 55(c), the party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id.*

III. <u>DISCUSSION</u>

A. **The Summons and Complaint was Properly Served.**

Pursuant to Rule 4(h)(1)(A), service can be effectuated on a corporation "in the manner prescribed for individuals by subdivisions (e)(1)." FED. R. CIV. P. 4(h)(1)(A). Rule 4(e) states that "service upon an individual from whom a waiver has not been obtained and filed . . . may be effected . . . (1) pursuant to the law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P. 4(e). Thus, if California law for serving a corporation is met, then the Federal Rules will also be met.

In California, a corporation may be served by leaving a copy of the Summons and Complaint at the defendant's place of business with the person apparently in charge, followed by mailing copies of the Summons and Complaint by first class mail. CAL. CODE CIV. PROC. § 415.20. The purpose of section 415.20 is "to permit service to be completed upon a good faith attempt at physical service on a responsible person, plus actual notification of the action by mailing the summons and complaint to the appropriate party." *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal.App.3d 1009, 1013 (1990).

Defendant has failed to meet its burden of proof that service was ineffective. Defendant

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

claims that Ms. Zaragoza was never served with a copy of the summons or complaint, and that Ms. Zaragoza never gave her name to any enquiring individuals on December 11, 2007. However, the fact remains that the process server identified "Nancy Zaragoza" on the Proof of Service as the person whom he served. Her desk was immediately outside Ms. Banescu's office, and she was apparently in charge for purposes of section 415.20. Since Plaintiff also mailed a copy of the Summons and Complaint to Defendant by first class mail, section 415.20 is met. (*See* Manninger Decl. ¶5).

The cases that Defendant mentions in support of its motion are not relevant to an analysis of whether Federal or California law was met in this instance. Defendant cites to New York and District of Columbia case law and statutes in support of its arguments. The Court finds from the Declarations in opposition to the motion, as well as from the Proof of Service appended to the Summons on the Complaint, that a copy of the Summons and Complaint had been left during usual office hours of Defendant with the person who was apparently in charge, and that Plaintiff later mailed a copy of the documents to the same place. *See Ludka v. Memory Magnetics Int'l.*, 25 Cal.App. 3d 316, 321 (1972).

Finally, even though service was properly effectuated under Rule 4(h)(1)(A), the service here was also proper under Rule 4(d)(3). The Ninth Circuit has held that service upon a corporation's receptionist meets Rule 4(d)(3) in certain circumstances. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988) (noting that "Rule 4 is a flexible rule that should be liberally construed"). Rule 4(d)(3) states that service may be made on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." But "[d]espite the language of the Rule, service . . . is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail*, 840 F.2d at 688. Instead, the Rule should be "applied in a manner that will best effectuate [its] purpose of giving the defendant adequate notice." *Id.* The Court held that service could be made "upon a representative so integrated with the organization that he will know what do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citing *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)).

In *Direct Mail*, the company was small, which made the role of the receptionist

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

"commensurately large in the structure of the company." *Id.* at 688. Also, she was the only employee in the office, which showed that she had more than minimal responsibility. *Id.* at 689. Hence, service upon that receptionist was proper under Rule 4(d)(3).

Here, Ms. Zaragoza is Ms. Banescu's receptionist. She receives and distributes mail. Even though Ms. Zaragoza has not represented to anyone that she is in charge of the office, the location of her office right outside Ms. Banescu's office shows that she was so "integrated" with the office that she would know to whom to give the papers. (Zaragoza Decl. ¶4). Thus, it could ultimately be concluded that Ms. Zaragoza stood in "such a position as to render it fair, reasonable and just" to imply her authority to receive service. *See Direct Mail*, 840 F.2d at 689.

> **B.   Defendant's Failure to Respond to Plaintiffs' Complaint Was a Result of Her Own Culpable Conduct.**

If a defendant receives actual or constructive notice of a filing and fails to answer, then their conduct is culpable. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). However, "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation is not *necessarily* . . . culpable or inexcusable." *TCI Group*, 244 F.3d at 697. The Ninth Circuit has "typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Defendant contends that it first became aware of this suit when it received Plaintiff's Motion for Default Judgment in early June 2008. However, it is apparent that Defendant's employee received Plaintiff's Notice of Entry of Default on January 16, 2008. Yet, Defendant did nothing. Additionally, although Ms. Banescu denies receiving the Complaint by mail, and Ms. Zaragoza denies being served with a Summons and Complaint, the fact remains that the Proof of Service indicates otherwise.

Further, Defendant retained counsel in early June 2008, who was unable to comply with the Court's electronic filing rules in time to file a motion for relief from the entry of default and/or oppose the motion for default judgment. The Ninth Circuit does not usually view the mistake of an attorney in following procedural rules as excusable neglect. *See Speiser, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884, 886-87 (9th Cir. 2001) (holding counsel's failure to read and understand procedural rules did not constitute excusable neglect within the meaning of Rule 60(b)(1)). Even after Defendant's Motion to Set Aside the Entry of Default was rejected by the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

Court on June 10, 2008, Defendants waited two additional months to file any motion or application with the Court to seek relief. This delay does not show diligence.

Therefore, because Defendant was aware of the Complaint before Plaintiffs' requested default, was aware of the default proceedings, and was aware of the deadlines for filing its response, yet made no attempt to secure additional time, Defendant's failure to respond was not excusable. Rather, Defendant's failure to respond was the result of its own culpable conduct. As such, the Court need not consider whether a meritorious defense exists or whether Plaintiff would suffer prejudice if the judgment were set aside. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985). In an abundance of caution, however, the Court will nonetheless consider the other two factors.

### C. Granting Defendant's Motion Would Cause Prejudice to Plaintiffs.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. "[T]he standard is whether [Plaintiffs'] ability to pursue [their] claim will be hindered." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).

Plaintiffs claim they have incurred $62,880.00 in fees and costs prosecuting this matter, including costs of obtaining documents from Defendant and using these documents to prepare and finalize an audit of Defendant's records. Also, Plaintiffs argue that since some of their claims are for work performed at least two years ago, additional evidence supporting their claims no longer exists or is unavailable. Hence, Plaintiffs would suffer prejudice if Defendant's motion were granted.

### D. Defendant's Arguments Merely Dispute the Amounts Owed, and Do Not State a "Meritorious Defense."

A defendant seeking to vacate a default judgment "must present the district court with specific facts that would constitute a defense." *Franchise Holding,* 375 F.3d at 926. "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group,* 244 F.3d at 700. The underlying concern "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7894 ODW(AJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Sabco Electrique, Inc.* | | |

the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Defendant alleges that its meritorious defense relates to a dispute regarding the amount of unpaid benefits. (Bridgers Decl. ¶5 and ¶8). However, it appears that Plaintiffs calculations are accurate and reasonable. Defendant is bound to the Project Stabilization Agreement, which incorporates the terms of the collective bargaining agreements. Plaintiffs' primary claim is that Defendant submitted Certified Payroll Records ("CPRs") without paying the corresponding fringe benefit contributions. Plaintiffs used those CPRs, which are prepared and verified by Defendant, to conduct an audit. Plaintiffs determined that Defendant had failed to submit fringe benefit contributions for the audit time period in excess of $44,000.00.

While Defendant disputes the amounts owed, it does not state a legitimate defense. Hence, the Court finds that Defendant's culpable conduct and potential prejudice to Plaintiffs, should their judgment be set aside, sufficiently outweighs Defendant's alleged meritorious defense.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant's failure to respond to Plaintiffs' Complaint was not due to excusable negligence. Accordingly, Defendant's Motion to Set Aside Default and Default Judgment is DENIED.

IT IS SO ORDERED.

|  --  |  :  |  00  |
|---|---|---|
| | Initials of Preparer | RGN |